[No. 469-41459-1.    Division One—Panel 2.    March 15, 1971.]

CHRISTOPHER S. BIDDLE *et al., Appellants,* v. THOMAS M. WRIGHT *et al., Respondents.*

*J. Lael Simmons,* for appellants.

*Dodd, Russell, Hamlin & Coney* and *Byron D. Coney,* for respondents.

JAMES, J.—By this action, Christopher Biddle and his wife invoke the equitable power of the court to reform a real estate contract.

The Biddles assert that the real estate contract does not describe all of the property which the Wrights agreed to sell and which they agreed to purchase. The trial judge

found that when the Wrights listed the property for sale, they pointed out the approximate location of the south boundary line of the property to the real estate agent; that the real estate agent pointed out the same boundary line to the Biddles; and that the property line shown to the Biddles ran along the cultivation line of the lawn in the vicinity of two large fir trees. The judge further found that the Wrights mistakenly thought that the line which they pointed out coincided with the platted lot line.

In fact, the line shown to the Biddles was approximately 40 feet south of the south line of the lot described in the contract.[1] The Wrights own the lot which is encroached upon by the "on ground" south boundary designation.

In his oral opinion, the trial judge observed that there was no mistake on the part of the Biddles and that "it was their understanding that the property line went right down to the trees and took in all the property which was represented to them as a part of the lot." There is substantial evidence to support this finding.

The trial judge was persuaded, however, that the law does not afford the Biddles the remedy of reformation. He believed that the Biddles were limited in their choice of remedies to either rescission or damages. He said:

> Now, we come down to the situation where we are asking for the court to reform the contract and I am satisfied that I just can't do that. We have a situation where two people are thinking about two different things and the only way there can be any recovery on the part of the Biddles would be some damages for misrepresentation.

██ We hold that it was error to conclude that reformation was not a proper remedy.

As a general rule, where parties to a transaction have an identical intention as to the terms to be embodied in a proposed agreement or in the extent of property to be conveyed by a deed or other instrument, and the writing

[1] Biddle testified that he employed a civil engineer to survey the property line in question; that he acted as chainman and together they ascertained that the line shown the Biddles was 42.83 feet south of the south line of the lot described in the contract. The Wrights offered no evidence to the contrary.

executed by them is materially at variance with such intention, a court of equity will, upon appropriate application, reform the writing so that it will truly express the intention of the parties, provided innocent third parties will not be adversely affected thereby. [Citations.]

*Thorsteinson v. Waters*, 65 Wn.2d 739, 744, 399 P.2d 510 (1965).

The evidence of a mutual understanding as to the location of the south boundary of the property which the Wrights offered to sell and the Biddles agreed to purchase is undisputed.

The judgment dismissing the Biddles' complaint is reversed, and the case is remanded for the purpose of ascertaining the legal description of the south boundary line as represented to the Biddles and for the entry of a decree reforming the real estate contract accordingly.

FARRIS, A.C.J., and SWANSON, J., concur.

Petition for rehearing denied April 29, 1971.

Review denied by Supreme Court June 9, 1971.